■ ANTHONY GIAMBRONE, Appellant, v BANK OF NEW YORK et al., Defendants, and PAUL W. ADAMO et al., Respondents. [677 NYS2d 608] —In an action, *inter alia*, to recover damages for legal and professional malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated May 5, 1997, which granted the motion of the defendants Lawrence M. Pohly and Siller, Wilk & Mencher, L. L. P., pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them and (2) an order of the same court, also dated May 5, 1997, which granted the motion of the defendants Paul W. Adamo and Lawrence E. Adamo pursuant to CPLR 3211 to dismiss the second and third causes of action asserted in the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The court properly granted the motion of the defendants Lawrence M. Pohly and Siller, Wilk & Mencher, L. L. P. (hereinafter the Siller defendants) to dismiss the complaint insofar as asserted against them. The complaint did not allege sufficient facts to support causes of action to recover damages for legal malpractice based on negligence or breach of contract. The Siller defendants were retained to draft the documents necessary to implement the estate plan designed by the

defendants Paul W. Adamo and Lawrence E. Adamo (hereinafter the Adamo defendants) and the complaint failed to state that they were negligent or breached the contract in carrying out this duty (*see*, CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83; *Santulli v Englert, Reilly & McHugh*, 78 NY2d 700; *Serhofer v Groman & Wolf*, 203 AD2d 354; *Ressis v Wojick*, 105 AD2d 565; *Mendoza v Schlossman*, 87 AD2d 606; *Foley v D'Agostino*, 21 AD2d 60).

Further, the plaintiff cannot establish the damages element of these claims. Mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice (*see, Luniewski v Zeitlin*, 188 AD2d 642). Any damages alleged by the plaintiff must be " 'actual and ascertainable' " (*Zarin v Reid & Priest*, 184 AD2d 385, 387-388, quoting *Ressis v Wojick*, 105 AD2d 565, 567). Here, the damages sought are speculative and incapable of being proven because they are based upon terms of the unexecuted single-life trust which, at best, provided that the plaintiff's right to income was at the sole discretion of the trustees. This documentary evidence conclusively establishes a defense to the plaintiff's asserted claim as a matter of law (*see, Leon v Martinez*, 84 NY2d 83, *supra; Heaney v Purdy*, 29 NY2d 157). Moreover, the fact that the trustees' absolute discretion may be judicially circumscribed does not make the plaintiff's loss any more tangible (*see, Matter of Gilbert*, 156 Misc 2d 379; *Matter of Stillman*, 107 Misc 2d 102).

The court also properly dismissed the second and third causes of action against the Adamo defendants. The complaint did not sufficiently state a cause of action to recover damages for professional malpractice. As the single-life trust was never signed and executed by the plaintiff's wife, the plaintiff cannot sustain his contention that the Adamo defendants' alleged negligence caused damage to him because the single-life policy was placed in the joint-life trust rather than the single-life trust (*see, Leon v Martinez*, 84 NY2d 83, *supra; Matter of Sackler*, 222 AD2d 9; *Roizen v Marder's Nurseries*, 161 Misc 2d 689). Further, this claim and the plaintiff's claim of fraud against the Adamo defendants must fail because the damages sought are speculative and incapable of being proven since they are based on the terms of the single-life trust, which provided that the plaintiff's right to income was at the sole discretion of the trustees (*see, Luniewski v Zeitlin, supra; Zarin v Reid & Priest, supra*). O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.