■ PLYMOUTH ORGANIZATION, INC., Respondent, v SILVERMAN, COLLURA & CHERNIS, P.C., et al., Appellants. [799 NYS2d 813]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Solomon, J.), dated May 21, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants, a law firm and individual attorneys, alleging that the defendants' professional negligence in advising it with regard to an investment offering resulted in economic losses to the plaintiff. The

complaint alleged that the plaintiff, a corporation which sought to acquire parcels of real property and convert them to income-producing rental units or to improve them with residential or industrial buildings, was counseled by the defendants with regard to conducting a private placement investment offering of securities in order to obtain financing for its business venture. Upon the advice of the defendants, the plaintiff engaged the services of "finders," who would contact investors and receive commissions based on the investment money that they raised. According to the plaintiff, the defendants failed to advise it that such "finders" were required to be licensed brokers and also failed to reveal other improprieties in the manner of solicitation of investments. The plaintiff ultimately received letters from authorities in various states directing it to cease and desist sales, questioning the legality of the investment offering, and commencing investigations into the matter. As a result, the plaintiff's offering was terminated.

Following the commencement of this action and the conducting of discovery, the defendants moved for summary judgment dismissing the complaint, contending, among other things, that the plaintiff's claims for damages were impermissibly speculative. The Supreme Court denied the motion. We affirm.

"Mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice" (*Giambrone v Bank of N.Y.*, 253 AD2d 786, 787 [1998]). Rather, "[the] plaintiff must prove that it was the attorney's negligence which proximately caused the actual and ascertainable damages that resulted" (*Ressis v Wojick*, 105 AD2d 565, 567 [1984]). While the plaintiff's claims for damages regarding lost investment opportunities, a shortfall between assets and liabilities, and commissions paid to the unlicensed "finders" are speculative, the plaintiff succeeded in making a prima facie showing of other actual and ascertainable damages it sustained due to the alleged negligent advice of the defendants. Accordingly, the defendants' motion for summary judgment on this basis was properly denied.

The defendants' remaining contention with regard to the liability of the defendant Gary Mair is without merit. Prudenti, P.J., Goldstein, Crane and Mastro, JJ., concur.