**Madeline DEMPSTER, Plaintiff–Appellant,**

v.

**George G. DEMPSTER, The Law Firm of Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C., J. Stanley Shaw, Esq., Jeffrey Schwartz, Esq., Frank J. Livot I, Esq., Edwards Flint, Esq., Alfred Amadio, Esq., and William Alesi, Esq., jointly and individually, Defendants–Appellees.**

No. 06–4771–cv.

United States Court of Appeals, Second Circuit.

April 11, 2008.

**68**

Jennifer L. McCann, Law Offices of Thomas F. Liotti, Garden City, NY,* for Appellant.

George G. Dempster, pro se; Ariel Michael Furman, Kaufman Borgeest & Ryan, for defendants-appellants The Law Firm of Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C., J. Stanley Shaw, Jeffrey Schwartz, Frank J. Livoti, Edwards Flint, Alfred Amadio, and William Alesi, for Appellees.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Madeline Dempster appeals from a judgment following the District Court's dismissal of her complaint and denial of her motion to reopen the time for filing a notice of appeal. The Court granted defendant's motion to dismiss in a Memorandum & Order dated March 30, 2005. Judgment was entered on March 31, 2005. The Electronic Court Filing ("ECF") system sent electronic notices of both the order and the judgment on March 31 and April 1, respectively. Plaintiff's trial attorney, Thomas F. Liotti, contends that he did not receive the ECF notifications and did not learn of the entry of judgment until August 18, 2005 by which time the 30–day period for filing a notice of appeal had expired. *See* Fed. R.App. P. 4(a)(1)(A). Plaintiff subsequently filed a motion to enlarge the time to file a notice of appeal. The District Court determined that the docket entry did not conclusively establish that plaintiff had received notice of the order and judgment, but rather, that the docket entry established a presumption of notice. The District Court then referred the action to Magistrate Judge Arlene R. Lindsay who conducted a two-day evidentiary hearing on the issue of receipt of the ECF notification. After the hearing and upon the recommendation of the Magistrate Judge, the District Court denied the motion, adopting in full the report and recommendation of Magistrate Judge Lindsay. On appeal, plaintiff contends that the District Court erred in applying a presumption of notice and receipt to emails sent by the courts' ECF system and that District Court's refusal to reopen the time for filing a notice of appeal was erroneous. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a District Court's decisions concerning the extension of time to file a notice of appeal for abuse of discretion. *See, e.g., Williams v. KFC Nat'l Mgmt. Co.,* 391 F.3d 411, 415 (2d Cir.2004).

We conclude that the District Court did not err in refusing to reopen the time for filing a notice of appeal. There was no relevant evidence presented at the two-day hearing to indicate that the email in dispute was not received on the same day that the ECF system sent it. The evi-

---

* Plaintiff terminated the services of her counsel, Thomas F. Liotti, prior to oral argument. She consented to counsel from his law offices presenting oral argument on her behalf. However, we question Liotti's continued representation under the circumstances. *See* N.Y. Lawyer's Code of Professional Responsibility DR 5–101(1)(A) ("A lawyer shall not ... continue employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property or personal interests....")

dence to indicate that the email was received is overwhelming: Liotti admitted, in a contemporaneous writing to the Court, having received another electronic notice that was part of the same ECF report; the Court's own ECF administrator testified that Liotti's was one of only two claims of failed receipt of an ECF email without an error message being sent to the ECF administrator since the inception of the Court's ECF system; and Liotti's refusal to perform certain types of investigations on his own computer system to detect whether the message was received weighs against a conclusion that he did not receive an email. Accordingly, the evidence supports the denial by the District Court of the motion to reopen the time to file an appeal.

The judgment of the District Court is **AFFIRMED.**