■ John Vlahakis, Appellant, v Mendelson & Associates et al., Respondents. [863 NYS2d 479]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin J.), dated June 7, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he sustained damages because the

defendants, who were his attorneys in a bankruptcy proceeding, advised him that he would not have to pay the arrears which he owed on the mortgage on his residence. The plaintiff further alleged that this advice constituted legal malpractice, and that as a result, he was required to pay interest and late charges on the arrears, as well as attorneys' fees.

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]). Here, the defendants met their initial burden on their motion for summary judgment by demonstrating, prima facie, that the plaintiff did not sustain any damages as a result of their actions. Specifically, the defendants established that their efforts on the plaintiff's behalf resulted in his continuing to reside in his house for approximately seven years, during which time the value of his house increased significantly. Moreover, the defendants established that during that period the plaintiff was not paying his mortgage, taxes, or insurance. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the sum he eventually paid to the bank exceeded the amount that he saved by not paying his mortgage, taxes, and insurance for approximately seven years. The plaintiff's mere assertion, which was unsupported by competent evidence, that he had sustained monetary damages, was insufficient to raise a triable issue of fact (*see Hernandez-Vega v Zwanger-Pesiri Radiology Group,* 39 AD3d 710 [2007]; *Micciola v Sacchi,* 36 AD3d 869 [2007]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.