■ Kristin Dupree, Respondent, v Oliver Raymond Voorhees III, Appellant, et al., Defendants. [891 NYS2d 422]—

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, resulting in actual damages to the plaintiff, and that "but for" the attorney's negligence, the plaintiff would have succeeded on the merits in the underlying action or not have sustained any damages (*AmBase Corp. v Davis Polk & Wardwell,* 8 NY3d 428, 434 [2007] [internal quotation marks omitted]; *see*

*Leder v Spiegel,* 9 NY3d 836, 837 [2007], *cert denied* 552 US —, 128 S Ct 1696 [2008]; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *Malik v Beal,* 54 AD3d 910, 911 [2008]; *Carrasco v Pena & Kahn,* 48 AD3d 395, 396 [2008]; *Barnett v Schwartz,* 47 AD3d 197, 203-205 [2007]). To succeed on a motion for summary judgment, a defendant must establish that the plaintiff is unable to prove at least one of the essential elements of the cause of action (*see Leone v Silver & Silver, LLP,* 62 AD3d 962 [2009]; *Suydam v O'Neill,* 276 AD2d 549 [2000]; *Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]).

Here, the appellant demonstrated his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]) by establishing, prima facie, through his affidavit, that his failure to appear on behalf of the plaintiff on the date in question was excusable on the ground of lack of notice. Specifically, the record reveals that the attorneys representing the plaintiff's former husband in a matrimonial action failed to provide advance notice to the appellant, the plaintiff's former counsel in the matrimonial action and a solo practitioner, of a closing scheduled for November 21, 2003, for the refinancing of the former marital residence. Rather, on the date in question, the appellant, who was in Suffolk County serving jury duty, received a voice mail message from one of those attorneys, Karyn A. Villar, advising him of a purportedly "emergency" application being made that day before Justice John C. Bivona in the Supreme Court, Suffolk County (hereinafter the motion court). Shortly thereafter, during a break, the appellant returned Villar's call and was informed by Villar that the closing would be taking place later that day. The application made by order to show cause ostensibly was to allow the former husband to effectuate the refinancing transaction.

Although Villar advised the motion court that the appellant was unavailable, and although the order to show cause had a return date of November 25, 2003, four days later, the order to show cause was signed by the motion court on November 21, 2003. The order to show cause granted the ultimate relief requested therein, essentially appointing the former husband receiver of the plaintiff's interest in the marital residence without her consent. The former husband, after the closing, failed to comply with an earlier stipulation in the matrimonial action requiring him to buy out his wife's interest in the marital property for the sum of $95,000.

Notably, a copy of the order to show cause signed by the motion court was faxed to the appellant's office at 3:54 P.M., approximately one hour after the time the closing was scheduled

to occur. The appellant submitted opposition papers on the return date but, necessarily, after the closing had occurred. Under these circumstances, the appellant demonstrated the absence of any negligence on his part.

In any event, the appellant also met his prima facie burden by demonstrating that the plaintiff was unable to prove that, but for his alleged negligence, she would not have sustained any damages (*see Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *Ashton v Scotman*, 260 AD2d 332 [1999]). The plaintiff alleged in her complaint that the damages sustained on account of the alleged malpractice were in the sum of $285,000, of which $210,000 represented the value of the fee interest in the marital residence she allegedly lost as a result of her former husband's alleged embezzlement of the closing funds. The remaining damages sought represented the alleged attorneys' fees incurred as a result of the malpractice. It is undisputed that the plaintiff, in a later settlement negotiated after the former husband breached the earlier stipulation, received the sum of $235,000, a recovery far in excess of the $95,000 she originally had agreed to receive for her interest in the marital residence pursuant to the earlier stipulation.

The affidavits submitted in opposition were of the plaintiff, the attorney who was substituted for the appellant in the matrimonial action upon the appellant's release from representation, and the plaintiff's counsel on this motion and appeal. None of those parties possessed personal knowledge of what transpired on the day in question (*see Simplex Grinnell, LP v Ruby Weston Manor*, 59 AD3d 610, 611 [2009]; *Gerard Lollo & Sons v Stern*, 168 AD2d 606, 607 [1990]). Further, as to the assertion made by the plaintiff's present counsel that the attorney who represented the former husband at the closing told him that the appellant failed to return telephone calls, thereby precipitating the purportedly "emergency" application to the motion court, such assertion constituted inadmissible hearsay (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, we disagree with the conclusion of the plaintiff's "expert" witness, the attorney who was substituted for the appellant in the matrimonial action and who incurred the fees sought in this litigation, that, under the circumstances presented, the appellant's failure to appear on the date in question was negligence.

Further, although the plaintiff speculated that the additional attorneys' fees sought would not have been incurred had the appellant appeared in court on the day the order to show cause was signed, mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie

case of legal malpractice (*see Siciliano v Forchelli & Forchelli,* 17 AD3d 343, 345 [2005]; *Pellegrino v File,* 291 AD2d 60, 63 [2002]; *Giambrone v Bank of N.Y.,* 253 AD2d 786 [1998]; *Luniewski v Zeitlin,* 188 AD2d 642 [1992]).

Thus, the plaintiff, in opposition, failed to raise a triable issue of fact (*see Crawford v McBride,* 303 AD2d 442 [2003]; *Pirro & Monsell v Freddolino,* 204 AD2d 613 [1994]). Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the first cause of action to recover damages for legal malpractice insofar as asserted against him (*see Teodorescu v Resnick & Binder, P.C.,* 55 AD3d 721, 723 [2008]). Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.