■ Cynthia Dimond, Appellant, v Sherwood Allen Salvan, Respondent. [909 NYS2d 725]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 27, 2009, which granted defendant's motion for summary judgment dismissing plaintiff's legal malpractice action and denied plaintiff's cross motion for summary judgment as moot, unanimously affirmed, with costs.

Supreme Court properly granted the motion for summary judgment dismissing the complaint. Defendant established that he reasonably decided to prosecute plaintiff's malpractice action against her former attorneys on the theory that they failed to call an appropriate expert in plaintiff's underlying personal injury action. Indeed, the sole reason that plaintiff's complaint in the underlying action was dismissed was the trial court's finding that plaintiff's expert was unqualified (*see Dimond v Heinz Pet Prods. Co.*, 298 AD2d 426 [2002]).

While plaintiff raises a host of issues which she argues defendant should have included in the action against her former attorneys, none of these alleged failures by her former attorneys contributed to the dismissal of her case. In any event, even assuming that defendant could have advanced other theories in the malpractice case, it is well settled that "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]). Thus plaintiff's legal argument is conclusory and insufficient to support this action (*Dweck Law Firm v Mann*, 283 AD2d 292 [2001]).

We separately note that the opinion offered by plaintiff's legal malpractice expert is improper since it is the function of the court to determine whether defendant's performance constituted malpractice (*see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 68-69 [2002]).

Finally, in light of the foregoing, plaintiff's cross motion was properly denied as moot. Concur—Mazzarelli, J.P., Friedman, Catterson, DeGrasse and Manzanet-Daniels, JJ.