[924 NYS2d 484]

MADELINE DEMPSTER, Respondent-Appellant, v THOMAS F. LI-OTTI, Appellant-Respondent.

Second Department, May 24, 2011

**APPEARANCES OF COUNSEL**

*Thomas F. Liotti*, Garden City, pro se, and *Thomas F. Liotti* (*Jennifer L. McCann* of counsel), for Thomas F. Liotti, appellant-respondent.

*Lester D. Janoff*, Melville, for respondent-appellant.

**OPINION OF THE COURT**

BELEN, J.

We are asked to consider whether an attorney who failed to oppose a motion to dismiss the complaint in an action underlying a legal malpractice action, and thereafter failed to file a timely notice of appeal from the order that granted the motion to dismiss, is entitled, under the facts of this case, to summary judgment dismissing the legal malpractice cause of action on the ground that such negligence did not proximately cause the dismissal of the underlying action. Here, we conclude that, since the underlying action was time-barred as a matter of law, the attorney's negligence, although clearly inexcusable, was not a proximate cause of the plaintiff's alleged injuries, and accordingly this malpractice action must be dismissed.

The plaintiff, Madeline Dempster, was involved in a contentious divorce proceeding with her former husband, George Dempster. On or about May 22, 1992, after five years of litigation in the Supreme Court, Nassau County, Mrs. Dempster obtained a judgment of divorce. In the 10 years that followed, however, Mr. Dempster frustrated her ability to enforce the money judgments representing her equitable share of the marital assets—an amount that eventually totaled over $3,500,000—through a series of alleged fraudulent conveyances in which he was represented by his attorneys Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C. (hereinafter the Shaw Firm).

As an example, on June 27, 1995, Mr. Dempster created a corporation named Overview Equities, Inc. (hereinafter Overview). Two days later, on June 29, 1995, Mr. Dempster transferred title of a marital residence to Overview for no consideration. Subsequently, in August 1995, Mr. Dempster executed confessed judgments in favor of two other closely held corporations under his control, Island Helicopter Leasing Corp. (hereinafter Island) and Rio Manufacturing (hereinafter Rio), for amounts collectively totaling approximately $1,500,000.

On August 15, 1997, Mrs. Dempster commenced an action in the Supreme Court, Nassau County, against Mr. Dempster, Overview, Island, and Rio seeking, inter alia, to set aside Mr. Dempster's conveyance of the subject residence to Overview as fraudulent pursuant to the Debtor and Creditor Law (hereinafter the fraudulent conveyance action). On April 14, 1999, five days before the trial in the fraudulent conveyance action was scheduled to begin, Overview filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court), listing the Dempsters' marital residence as an asset of Overview, and Island and Rio as Overview's creditors. The subject residence was sold, and the net proceeds of such sale, totaling over $1,000,000, were placed in escrow. Mrs. Dempster subsequently filed a claim against Overview's bankruptcy estate and moved to vacate an automatic stay of the bankruptcy proceedings. The Bankruptcy Court determined that Mrs. Dempster had standing as a "party in interest" to the bankruptcy proceedings, and granted her motion to vacate the automatic stay as it related to her fraudulent conveyance action.

In the fraudulent conveyance action, Mrs. Dempster moved for summary judgment in her favor on her causes of action to recover damages based on the alleged fraudulent conveyance of the marital residence to Overview pursuant to Debtor and Creditor Law §§ 273-a and 276. In an order dated August 15, 2002, the Supreme Court granted Mrs. Dempster's motion. Rio and Island appealed from the order, and this Court affirmed (see Dempster v Overview Equities, 4 AD3d 495 [2004]). This Court concluded that the plaintiff established, prima facie, her entitlement to judgment as a matter of law on her cause of action pursuant to Debtor and Creditor Law § 273-a by proving that Mr. Dempster's conveyance of the marital residence to Overview was made without fair consideration, that a judgment was docketed against Mr. Dempster, and that Mr. Dempster failed to satisfy the judgment (id. at 497). We also agreed with the Supreme Court that Rio and Island, in opposition, failed to raise a triable issue of fact since, even if the confessed judgments that Overview executed in favor of Rio and Island were valid, they did not constitute fair consideration for the transfer because the confessed judgments had expired by that time and, thus, were unenforceable (id.).

This Court also determined that Mrs. Dempster established, prima facie, her entitlement to judgment as a matter of law on

her causes of action pursuant to Debtor and Creditor Law § 276, by submitting evidence demonstrating that Mr. Dempster's conduct in transferring the marital residence to Overview "[was] replete with 'badges of fraud,' " namely, that Overview was created only two days before the transfer, the transfer was made just before the trial was scheduled to begin, the trial could have rendered the residence a valid target of equitable distribution, and Overview operated out of the same address as Mr. Dempster's other business concerns (*Dempster v Overview Equities*, 4 AD3d at 498). In opposition, Rio and Island failed to raise a triable issue of fact (*id.*).

Sometime in 2002, while the appeal in the fraudulent conveyance action was pending before this Court, Mrs. Dempster's attorneys in the fraudulent conveyance action referred her to Thomas F. Liotti, the defendant herein. At the time, Mrs. Dempster's attempts to enforce the judgments she had obtained against Mr. Dempster in the divorce action had been unsuccessful. According to Mrs. Dempster, Liotti advised her that she had a strong case for recovering damages based on violations of the federal Racketeering Influenced and Corrupt Organizations Act (hereinafter RICO) (*see* 18 USC § 1962 *et seq.*) by Mr. Dempster and the Shaw Firm (hereinafter together the RICO defendants). Pursuant to a retainer agreement executed by both Liotti and Mrs. Dempster, on May 7, 2003, Liotti commenced an action (hereinafter the RICO action), on Mrs. Dempster's behalf, against the RICO defendants in the United States District Court for the Eastern District of New York (hereinafter the District Court). The complaint alleged that the RICO defendants committed fraud, aided and abetted fraud, and committed civil RICO violations predicated upon multiple acts of mail and wire fraud. Soon after, the RICO defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure rule 12 (b) (1), (6) and rule 9 (a).

The District Court, in a decision dated March 31, 2004, granted the RICO defendants' motion to dismiss the complaint in the RICO action without prejudice. The District Court held that (1) the complaint failed to establish the existence of a RICO enterprise because it did not support the claim that the RICO defendants conspired toward a "common purpose or mutual course of conduct"; (2) even if a RICO enterprise were established, the complaint failed to establish that the Shaw firm actually participated in the alleged racketeering activity, rather than merely providing professional legal services to Mr. Demp-

ster; and (3) the RICO defendants' acts of alleged mail and wire fraud were not pleaded with sufficient specificity to adequately establish "racketeering activity."

Subsequently, on May 12, 2004, Liotti filed an amended complaint on Mrs. Dempster's behalf, which purported to cure the defects that led to the dismissal of the original complaint. The RICO defendants moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure rule 12 (b) (1), (6) and rule 9 (a). This time, despite receiving two extensions of time to submit the opposition to the motion, Liotti failed to file timely opposition on Mrs. Dempster's behalf to the RICO defendants' motion to dismiss. Ultimately, Liotti made a motion pursuant to Federal Rules of Civil Procedure rule 6 (b) to compel the RICO defendants to accept Mrs. Dempster's late opposition papers, asserting that he had been unable to timely submit the opposition papers because of, inter alia, a strong cold, other trial obligations, and a young former associate's failure to handle the matter as instructed. The District Court denied the motion, ruling that Liotti had failed to set forth a reasonable excuse for failing to timely file opposition papers.

Consequently, the District Court deemed Mrs. Dempster to have not opposed the RICO defendants' motion to dismiss the amended complaint, and granted the motion, noting that, among the "many deficiencies" raised by the RICO defendants in their motion to dismiss, the RICO defendants were correct that the RICO complaint was barred by the applicable four-year statute of limitations. The District Court determined that Mrs. Dempster's RICO action accrued between 1995, when Mr. Dempster allegedly fraudulently conveyed the marital residence to Overview, and 1997, when it was undisputed that Mrs. Dempster had discovered Mr. Dempster's allegedly fraudulent transference of her interest in marital assets, as was evidenced by her commencement of the fraudulent conveyance action at that time. Accordingly, in a decision and order dated March 30, 2005, the District Court dismissed the amended complaint, with prejudice, on the ground that the amended complaint was time-barred.

Liotti thereafter failed to file a timely notice of appeal from the District Court's order dismissing the amended complaint in the RICO action. Liotti contends that he did not learn that the order had been entered until Mrs. Dempster contacted him in August 2005, informing him of that fact. Liotti then filed a motion with the District Court pursuant to Federal Rules of Appel-

late Procedure rule 4 (a) (5) and (6), seeking to enlarge his time to file a notice of appeal on Mrs. Dempster's behalf, contending that his office never received electronic notification from the District Court regarding the entry of the order dismissing the amended complaint in the RICO action. After a two-day evidentiary hearing, the District Court denied the motion, concluding that Liotti failed to present sufficient evidence to rebut the presumption that the District Court had notified his office by e-mail of the entry of the subject order, and accordingly, denied the motion to enlarge the time to file the notice of appeal.

Thereafter, Mrs. Dempster discharged Liotti as her attorney. Nonetheless, she granted him permission to appeal, on her behalf, the order denying the motion to enlarge the time to file a notice of appeal. The United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) affirmed (*Dempster v Dempster*, 273 Fed Appx 67 [2008]). Liotti then filed a petition for a writ of certiorari with the Supreme Court of the United States on September 17, 2008, which was denied (555 US —, 129 S Ct 901 [2009]).

On January 15, 2008, while Liotti was still attempting to appeal the order dismissing the amended complaint in the RICO action, Mrs. Dempster (hereinafter the plaintiff) commenced the instant action against him in the Supreme Court, Nassau County, seeking to recover damages for legal malpractice and breach of contract. The complaint alleged that Liotti failed to prosecute the plaintiff's RICO action in a professional, proper, and skillful manner due to his failure to file timely opposition to the RICO defendants' motion to dismiss the amended complaint and his failure to file a timely notice of appeal from the District Court's order granting the RICO defendants' motion to dismiss the amended complaint. The complaint in the instant action alleged that, as a result of Liotti's negligence, the RICO action was dismissed, thereby preventing the plaintiff from obtaining treble damages in the RICO action in the principal sum of $15,000,000.

By notice dated September 16, 2008, Liotti moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint in the instant action for failure to state a cause of action and, alternatively, pursuant to CPLR 3212 for summary judgment dismissing the complaint. The plaintiff opposed Liotti's motion and cross-moved for summary judgment on her breach of contract cause of action. In a decision and order dated March 31, 2009, the Supreme Court denied both Liotti's motion and the plaintiff's

cross motion, but, upon searching the record, awarded Liotti summary judgment dismissing the breach of contract cause of action as duplicative of the legal malpractice cause of action (23 Misc 3d 1112[A], 2009 NY Slip Op 50720[U] [2009]). The Supreme Court determined that Liotti could have successfully argued that the RICO complaint was timely, thus preventing dismissal of the amended complaint in the RICO action if, in response to the RICO defendants' motion to dismiss the amended complaint, he had connected the fraudulent bankruptcy proceedings to the overall RICO scheme by submitting opposition papers with supporting affidavits. The Supreme Court reasoned that the "separate accrual rule" for RICO injuries, which is the rule followed by the Second Circuit, would have rendered the RICO complaint timely and that the District Court, therefore, would not have granted the RICO defendants' motion to dismiss the amended complaint on the ground that it was time-barred.

Liotti subsequently moved for leave to reargue his prior motion, which the Supreme Court denied in an order dated August 14, 2009. Liotti appeals from so much of the order dated March 31, 2009, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint or, alternatively, for summary judgment dismissing the complaint, and from the order dated August 14, 2009, denying his motion for leave to reargue. The plaintiff cross-appeals from so much of the order dated March 31, 2009, as denied her motion for summary judgment on her breach of contract cause of action, and, upon searching the record, awarded summary judgment to Liotti dismissing the breach of contract cause of action pursuant to CPLR 3212 (b).

To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession"; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages (*Leder v Spiegel*, 9 NY3d 836, 837 [2007] [internal quotation marks omitted], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). As to the first prong, "[a]n attorney may be liable for ignorance of the rules of practice, for failure to comply with conditions precedent to suit, for neglect to prosecute or defend an action, or for failure to conduct adequate legal research" (*Conklin v Owen*, 72 AD3d 1006, 1007 [2010]). However, even if a plaintiff establishes the first prong, the plaintiff must still

demonstrate that he or she would have succeeded on the merits of the action but for the attorney's negligence (*see Hamoudeh v Mandel*, 62 AD3d 948, 949 [2009]; *McCluskey v Gabor & Gabor*, 61 AD3d 646, 648 [2009]; *Peak v Bartlett, Pontiff, Stewart & Rhodes, P.C.*, 28 AD3d 1028, 1030-1031 [2006]; *see also Brodeur v Hayes*, 18 AD3d 979 [2005]; *Raphael v Clune, White & Nelson*, 201 AD2d 549, 550 [1994]). Further, as to the second prong, the plaintiff must plead and prove actual, ascertainable damages as a result of an attorney's negligence (*see Barnett v Schwartz*, 47 AD3d 197, 211 [2007]). "[M]ere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice" (*Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 345 [2005]; *see Dupree v Voorhees*, 68 AD3d 810, 812-813 [2009]; *Plymouth Org., Inc. v Silverman, Collura & Chernis, P.C.*, 21 AD3d 464 [2005]; *Giambrone v Bank of N.Y.*, 253 AD2d 786 [1998]).

In the instant action, the plaintiff alleges that Liotti failed to exercise the ordinary skill and knowledge commonly possessed by a member of the legal profession when he failed to file timely opposition papers in response to the RICO defendants' motion to dismiss her amended complaint in the RICO action, and when he failed to timely appeal from the District Court's subsequent order granting such motion. Liotti does not contest these allegations, and we conclude they are factually substantiated by the record.

██ Liotti instead focuses on the second prong of a legal malpractice cause of action, and argues that the plaintiff cannot prove that, but for his negligence, she would have prevailed in her RICO action. In pertinent part, he argues that, regardless of his negligence, the District Court correctly dismissed the RICO action as time-barred. Consequently, Liotti argues, his negligence in prosecuting the RICO action did not cause the RICO action to be dismissed since, as a matter of law, the plaintiff's RICO claim was time-barred. We agree.

The relevant facts regarding the RICO action are well-documented in the record and are not disputed by the parties. Thus, the issue of whether the plaintiff's amended complaint was time-barred presents a question of law that is readily determinable by this Court upon that branch of Liotti's motion which was for summary judgment (*see Raphael v Clune, White & Nelson*, 201 AD2d at 550).

To state a cause of action for damages based on a civil RICO violation, a plaintiff must plead (1) the defendant's violation of

18 USC § 1962 *et seq.*, (2) an injury to the plaintiff's business or property, and (3) that the defendant's violation of the statute caused the plaintiff's injury (*see Commercial Cleaning Servs., L.L.C. v Colin Serv. Sys., Inc.*, 271 F3d 374, 380 [2001]; *First Nationwide Bank v Gelt Funding Corp.*, 27 F3d 763, 767 [1994], *cert denied* 513 US 1079 [1995]).

Even where a plaintiff properly pleads the basic elements of a civil RICO claim, federal courts often must determine when the claim accrued for the purposes of calculating the applicable statute of limitations. In *Agency Holding Corp. v Malley-Duff & Assoc., Inc.* (483 US 143, 156 [1987]), the Supreme Court of the United States held that the statute of limitations for civil RICO claims is four years, but expressly declined to decide when such claims accrue (*see Rotella v Wood*, 528 US 549, 552 [2000]). The Second Circuit follows the injury-discovery accrual rule, under which a RICO claim is deemed to accrue when the plaintiff knew or should have known of his or her injury, regardless of when he or she discovered the underlying fraud (*id.* at 553).

The Second Circuit also recognizes a "separate accrual rule," under which "a new claim accrues, triggering a new four-year limitations period, each time plaintiff discovers, or should have discovered, a new injury caused by . . . predicate RICO violations" (*Bingham v Zolt*, 66 F3d 553, 559 [1995], *cert denied* 517 US 1134 [1996]; *see In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F3d 56, 59 [1998]; *Bankers Trust Co. v Rhoades*, 859 F2d 1096, 1104-1105 [1988], *cert denied* 490 US 1007 [1989]). Notably, the separate accrual rule only applies if the alleged RICO violation results in a new injury independent of the original injury (*see In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F3d at 59; *Bankers Trust Co. v Rhoades*, 859 F2d at 1103). Moreover, a plaintiff cannot use the separate accrual rule to relate the new injury back to the original injury, in effect, tolling the accrual period through the discovery of the new injury (*see Bankers Trust Co.*, 859 F2d at 1103). In other words, a "plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period" (*Klehr v A. O. Smith Corp.*, 521 US 179, 190 [1997]).

Here, in dismissing the amended complaint in the RICO action, the District Court held that the plaintiff's alleged injury—the fraudulent transfer of marital assets to which she was entitled—was discovered by the plaintiff at the latest in 1997, when she commenced the fraudulent conveyance action in the Supreme Court, Nassau County.

"Plaintiff was well aware of any injury arising from these transactions in 1997, as evidenced by the fraudulent conveyance action she commenced in New York Supreme Court. Indeed, the only instance of conduct that could conceivably render Plaintiff's action timely is the April 1999 bankruptcy petition of Overview. However, Plaintiff does not, even under the most liberal reading of the Amended Complaint, allege how the bankruptcy proceeding relates to the scheme to deprive her of marital assets—the purpose of the alleged RICO enterprise."

We agree with the District Court's determination that the alleged injury that gave rise to the accrual period for the plaintiff's RICO claim—the fraudulent transfer of the plaintiff's interest in the marital assets by Mr. Dempster—was discovered by the plaintiff no later than 1997. Accordingly, as the plaintiff did not commence the RICO action until May 7, 2003, the RICO action was time-barred (*see Agency Holding Corp. v Malley-Duff & Assoc., Inc.*, 483 US at 156; *Rotella v Wood*, 528 US at 553).

Moreover, the record supports the conclusion that Overview's bankruptcy filing was merely a continuing effort on the part of the RICO defendants to retain the benefits of their previous fraudulent transfer and, thus, not a new and independent injury triggering the separate accrual rule (*see In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F3d at 59-60). Accordingly, even if Liotti had set forth in the amended complaint in the RICO action, or in any opposition he could have submitted to the RICO defendants' motion to dismiss the amended complaint, that Overview's April 1999 bankruptcy filing constituted an additional RICO violation, such allegation would not have triggered the separate accrual rule because the injury resulting from such bankruptcy filing, i.e., an attempt by Mr. Dempster to retain the benefits of the allegedly fraudulent transfer, was not a new and independent RICO injury (*id.* at 59).

Accordingly, the Supreme Court erred when it determined that, if Liotti had submitted, in opposition to the RICO defendants' motion to dismiss the amended complaint, timely papers with supporting affidavits, and had therein attempted to relate Overview's April 1999 bankruptcy filing to the underlying RICO scheme, "the separate accrual rule for RICO claims adopted by the Second Circuit Court of Appeals governs and would have saved the Plaintiff's RICO claim from dismissal based upon the statute of limitations." (2009 NY Slip Op 50720[U], *5 [2009].)

In short, the untimeliness of the plaintiff's RICO claim was not a remediable defect. No timely opposition or supporting affidavit submitted by Liotti in opposition to the RICO defendants' motion to dismiss the amended complaint would have altered the fact that the alleged injuries caused by the RICO defendants' alleged predicate RICO violations were discovered by the plaintiff, and therefore accrued, no later than the commencement of her fraudulent conveyance action in 1997. In any event, the plaintiff's conclusory claims that her complaint would have survived the RICO defendants' motion to dismiss the amended complaint if Liotti had advanced new injuries, separate and apart from the fraudulent transfer of marital assets, are speculative and, thus, not sufficient to support a cause of action alleging legal malpractice (*see Dupree v Voorhees*, 68 AD3d at 813; *Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]; *Vlahakis v Mendelson & Assoc.*, 54 AD3d 670 [2008]; *Holschauer v Fisher*, 5 AD3d 553, 554 [2004]).

Notably, although, as a matter of law, the RICO action was time-barred, in reviewing the amended complaint therein, Liotti did allege in paragraphs 57, 62 (f) (vii); 66, 88, 162-168, 172, 173 and 176 that Overview's 1999 bankruptcy proceeding was part of the underlying RICO scheme. Liotti did, therefore, plead facts in the amended complaint in an effort to relate Overview's April 1999 bankruptcy petition to the underlying RICO scheme. Ultimately, however, the degree to which Liotti attempted to establish this link is irrelevant since, regardless of how Overview's bankruptcy proceeding fit into the underlying RICO scheme, as a matter of law, any injury sustained by the plaintiff as a result of the RICO defendants' alleged RICO violations accrued outside the four-year statute of limitations. Consequently, Liotti's negligent failure to oppose the RICO defendants' motion to dismiss the amended complaint and to timely appeal the order granting such motion had no causal effect on the final disposition of the plaintiff's RICO claims.

Generally, "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). On a motion for summary judgment in the legal malpractice context, the defendant must "demonstrate that the plaintiff is unable to prove at least one of the essential elements of a legal malpractice cause of action" (*Greene v Sager*, 78 AD3d 777, 779 [2010]; *see Eisenberger v*

*Septimus*, 44 AD3d 994 [2007]; *Kotzian v McCarthy*, 36 AD3d 863 [2007]). Once a defendant makes this prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial (*see Siciliano v Forchelli & Forchelli*, 17 AD3d at 345; *Schadoff v Russ*, 278 AD2d 222 [2000]).

■ Here, Liotti's inexcusable failure to file timely opposition papers to the RICO defendants' motion to dismiss the amended complaint and to file a timely notice of appeal from the District Court's order granting such motion, clearly falls below the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (*see Conklin v Owen*, 72 AD3d at 1007; *McCoy v Tepper*, 261 AD2d 592, 593 [1999]). However, as previously discussed, despite such negligence, Liotti is entitled to summary judgment inasmuch as the plaintiff's civil RICO claim was time-barred as a matter of law. Consequently, Liotti has established that the plaintiff is unable to prove that she would have prevailed in the RICO action but for his negligence. In opposition, the plaintiff failed to raise a triable issue of fact (*see Hamoudeh v Mandel*, 62 AD3d at 949).

■ Turning to the plaintiff's cross appeal, upon searching the record, the Supreme Court correctly awarded summary judgment to Liotti dismissing the cause of action to recover damages for breach of contract, as that cause of action arose "from the same facts as [the] legal malpractice cause of action" and is thereby "duplicative of that cause of action" (*Conklin v Owen*, 72 AD3d at 1007; *see Feldman v Finkelstein & Partners, LLP*, 76 AD3d 703 [2010]; *Mahler v Campagna*, 60 AD3d 1009, 1012 [2009]; *Kvetnaya v Tylo*, 49 AD3d 608, 609 [2008]).

The parties' remaining contentions are without merit.

The appeal from the order entered August 14, 2009, is dismissed, as no appeal lies from an order denying reargument, and the order dated March 31, 2009, is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated March 31, 2009, is affirmed insofar as appealed and cross-appealed from.

MASTRO, J.P., RIVERA and LEVENTHAL, JJ., concur.

Ordered that the appeal from the order entered August 14, 2009 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 31, 2009 is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated March 31, 2009 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.