## PCO 1500 Inv., L.P. v Ahmuty, Demers & McManus

### 2026 NY Slip Op 30664(U)

### February 25, 2026

### Supreme Court, New York County

### Docket Number: Index No. 158852/2025

### Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **Hon. James E. d'Auguste**                        PART 55

*Justice*

-----------------------------------------------------------------X

PCO 1500 INVESTMENT, L.P.,

                      Plaintiff,

               - v -

AHMUTY, DEMERS & McMANUS and
BRAUNSTEIN TURKISH, LLP.,

                  Defendants.

-----------------------------------------------------------------X

| INDEX NO. | 158852/2025 |
| --- | --- |
| MOTION DATE | 1/23/2026 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9-33, 50-51
were read on these motions to/for                DISMISS

Defendant Ahmuty, Demers & McManus ("Ahmuty") seeks dismissal of this attorney malpractice litigation commenced by its former client, plaintiff Zapco 1500 Investment, L.P. ("Zapco"). The motion to dismiss is granted.

Zapco was a defendant in the underlying litigation in this Court captioned *Citizen Watch Company of America, Inc. v. Zapco 1500 Investment, L.P.*, Index No. 655565/2020. In an amended complaint filed in the underlying litigation, Citizen asserted ten causes of action against Zapco: (1) Breach of Contract; (2) Rescission/Termination for Water Leaks; (3) Fraudulent Concealment; (4) Breach of Covenant of Quiet Enjoyment; (5) Nuisance; (6) Mandatory Injunction; (7) Specific Performance; (8) Rescission/Termination - Frustration of Purpose; (9) Rescission/Termination-Impossibility of Performance; and (10) Reformation of Lease. In its answer to the amended complaint, Zapco disputed Citizen's allegations in support of its claims and opposed the relief sought against it.

158852/2025 Zapco 1500 Investment vs. Ahmuty, Demers & McManus
Motion No. 001

Page 1 of 6

On May 25, 2021, a preliminary conference order was issued setting discovery deadlines. Notably, Zapco failed to meet its discovery obligations as directed by court order. There is no contention that this failure is in any way attributable to Ahmuty. As a result of Zapco's failure to produce relevant discovery, Citizen filed a sanctions motion. After providing the parties with a full opportunity to brief the issue and hearing oral argument, the Court (Masley, J.), on January 14, 2022, issued an order of conditional dismissal. NYSCEF Doc. No. 23. In its order, the Court directed Zapco to provide documents, identify its records custodian together with search terms used to search responsive files, produce a privilege log, and, concerning one individual, a *Jackson* affidavit detailing a good faith search for responsive documents. *Id.*

Zapco failed to comply with the terms of the conditional order striking its pleading. Citizen then sought to enforce the conditional order. On July 4, 2022, the Court (Masley, J.) found Zapco's discovery responses to be inadequate to comply with the conditional order. NYSCEF Doc. No. 26. As a result, Zapco's answer was stricken and Citizen was awarded $62,113.25 in attorneys' fees. *Id.* A judgment was filed by the Clerk on August 10, 2022, which entered a money judgment and declared the lease between Zapco and Citizen to have been rescinded and terminated. NYSCEF Doc. No. 27. In an opinion dated May 25, 2023, the First Department affirmed the striking of Zapco's answer, together with the declaration that the lease had been terminated and rescinded. NYSCEF Doc. No. 29.

On July 10, 2025, Zapco commenced the instant litigation by filing a summons with notice. NYSCEF Doc. No. 1. On July 29, 2025, Ahmuty appeared, via counsel, and demanded service of a complaint. NYSCEF Doc. No. 4. On September 16, 2025, Zapco filed and served a complaint. NYSCEF Doc. No. 6. In its complaint in this action, Zapco asserts that Citizen's

158852/2025 Zapco 1500 Investment vs. Ahmuty, Demers & McManus
Motion No. 001

Page 2 of 6

claims lacked merit. NYSCEF Doc. No. 30, at ¶ 16.[1] Based upon Zapco's contention that Citizens' claims were deficient, Zapco asserts that its attorneys should have sought dismissal of the litigation:

> Both Braunstein and Ahmuty were negligent in defending the Citizen Action because: (i) they never realized that a commercial tenant's claim to be forever relieved of its lease obligations required allegation and proof of abandonment, or (ii) even if they did so realize, neither firm ever raised that fatal defect in the Amended Complaint as a basis to move to dismiss as a matter of law or for summary judgment dismissing Citizen claims.

*Id.*, at ¶28. On November 5, 2024, Ahmuty filed the instant motion seeking the complaint's dismissal. NYSCEF Doc. No. 9. On November 7, 2025, Braunstein filed an answer with affirmative defenses. NYSCEF Doc. No. 34. Ahmuty's motion to dismiss is resolved herein.

Zapco has not asserted a meritorious claim of professional negligence. Legal malpractice requires two showings: "(1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages." *Dempster v Liotti*, 86 A.D.3d 169, 176 (2d Dep't 2011). Zapco has not alleged facts supporting a legal conclusion that either of the factors necessary to support a claim of legal malpractice has been met under the circumstances presented.

First, "[a]ttorneys may select among reasonable courses of action in prosecuting their clients' cases without thereby committing malpractice. *Dweck Law Firm, LLP v. Mann*, 283

---

[1] Zapco admits that non-movant Braunstein included legal insufficiency as a defense to Citizen's claims. *Id.* at ¶ 22. It also notes that Braunstein possesses "vast experience in commercial real estate matters, including in representing clients in leasing premises and in litigation." Id. at ¶ 23. However, Zapco notes that, "[o]n or about March 15, 2021, Braunstein was substituted out, and Ahmuty substituted in, as counsel for Zapco." *Id.* at ¶ 24. Other than asserting that Braunstein continued to provide "services and advice, including consulting with Ahmuty," there is not a single allegation of professional negligence beyond its putative failure to file a dispositive motion prior to Zapco's pleadings being struck. As Braunstein's services as attorneys of record were terminated by Zapco, it could not file a dispositive motion. However, a review of the claim asserted against Braunstein will need to await a motion by that defendant.

158852/2025 Zapco 1500 Investment vs. Ahmuty, Demers & McManus
Motion No. 001

Page 3 of 6

A.D.2d 292, 293 (1st Dep't 2001); *see also Dimond v. Salvan*, 78 A.D.3d 407, 408 (1st Dep't 2010) (rejecting malpractice claim even if law firm could have "advanced other theories"); *MII Exports, Inc. v Mooney*, 223 A.D.2d 499, 499 (1st Dep't 1996) (that attorneys moved to vacate, modify or reopen a prior summary judgment order in the underlying action instead of appealing that order, and that they negotiated a settlement upon the consent of their clients, plaintiffs herein, does not raise an issue of fact as to legal malpractice). In this regard, it was reasonable to await the conclusion of discovery to file a dispositive motion for what could only be partial summary judgment. However, the challenge is impermissibly based upon hindsight, given the striking of Zapco's answer. Ahmuty was not required to clairvoyantly predict Zapco's willful failure to abide by its discovery obligations. It was also reasonable to address the sanctions motion without attempting to file a dispositive motion, which would have represented an application that the Court would have been permitted to deny as moot once the answer was stricken. *Liberty Community Assoc., LP v DeClemente*, 139 A.D.3d 532, 532 (1st Dep't 2015) (denial of defendant's cross motion to dismiss was moot in case where defendant's answer had been stricken as a discovery sanction). Notably, Zapco has not cited a single case supporting the proposition that attorneys commit legal malpractice for not filing dispositive motions earlier in a case because they failed to anticipate a client's willful violation of multiple court orders to produce discovery.

Second, Zapco has not met the second factor necessary to show legal malpractice, which is proximate cause. In this regard, Zapco was required to plead facts showing that any purported professional negligence was the proximate cause of its damages. *Nomura Asset Capital Corporation v. Cadwalader Wickersham & Taft*, 26 N.Y.3d 40, 49-50 (2015). Causation is a "high bar to attorney malpractice liability, [which] seeks to insure a tight causal relationship

exists between the claimed injuries and the alleged malpractice." *Flutie Bros. v. Hayes*, 2006 WL 1379594, at *5 (S.D.N.Y. May 18, 2006) (internal citations and quotations omitted). Here, Ahmuty did not miss any deadlines for filing a dispositive motion. Indeed, such a motion was capable of being raised even after a Note of Issue would have been filed pursuant to the CPLR and the preliminary conference order. Assuming Zapco had meritorious defenses to certain claims, it was Zapco's misconduct that resulted in the imposition of a judgment in favor of Citizen pursuant to CPLR 3126. *See Bernard v. Proskauer Rose, LLP*, 87 A.D.3d 412, 416 (1st Dep't 2011) (affirming dismissal of attorney malpractice claim where "it was plaintiff's own misconduct prior to and apart from any advice from defendants that led to his termination for cause"). Zapco cannot show that "but for" Ahmuty's purported professional negligence there would have been a more favorable outcome since it was not Ahmuty that deprived Zapco of a merits-based resolution of Citizen's claim.

Finally, Zapco's assertion that it would have prevailed in the underlying action is based upon impermissible speculation. *Giambrone v. Bank of New York*, 253 A.D.2d 786, 787 (2d Dep't 1998). Citizen lodged multiple substantive claims of misconduct against Zapco. For instance, Citizen asserted that Zapco committed fraud in relation to the water leaks. Notably, Zapco willfully violated court orders to produce discovery in relation to issues surrounding this very issue. For example, the keywords used by Zapco to search its records did not even include the term "water leaks." The striking of Zapco's answer demonstrates that the court in the underlying action believed that Zapco's conduct was "clearly deliberate or contumacious." *Henry Rosenfeld, Inc. v. Bower & Gardner*, 161 A.D.2d 374, 374 (1st Dep't 1990). Considering this ruling, it is speculative in the extreme to contend that the court in the underlying action would have permitted any sort of end run around its order striking the answer in its entirety.

158852/2025 Zapco 1500 Investment vs. Ahmuty, Demers & McManus
Motion No. 001

Page 5 of 6

5 of 6

[* 5]

Further, Zapco's claim rises or falls on an assertion that its attorneys should have sought a severance of its answer to the claims of rescission and termination. NYSCEF Doc. No. 50 (Zapco Opp. Brief at 11, 20-25). It asserts that such severance would have permitted Zapco to preserve its response to those claims—such as an argument that those fraud-based claims were duplicates of the contract claims—during the battle over the striking of its answer. That contention is also speculative. The striking of the answer means that the factual allegations relating to Zapco's *precontractual* conduct underlying the claims for fraudulent inducement were admitted.[2] Such precontractual conduct could have given rise to a fraud claim that was not duplicative of the contract claim. *Rothman v. Hasz Project Mgmt. and Design*, 2025 WL 1745946, *5 (S.D.N.Y. 2025).

Thus, even if it was negligent for counsel to have not filed an earlier partial dismissal motion (as opposed to waiting until the completion of discovery), Zapco has failed to articulate a non-speculative basis for concluding that it would have prevailed in the underlying litigation.

Accordingly, the Clerk is directed to enter judgment dismissing Zapco's claim against Ahmuty with prejudice. This constitutes the decision and order of the Court.

| 2/25/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | James d'Auguste, J.S.C.[3] | |

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| [X] CASE DISPOSED | | | [ ] NON-FINAL DISPOSITION | |
| [ ] GRANTED | [ ] DENIED | | [ ] GRANTED IN PART | [X] OTHER |

APPLICATION:

| [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
|---|---|---|---|

CHECK IF APPROPRIATE:

| [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |
|---|---|---|---|

---

[2] When an answer is stricken and a default entered, the defendant "admits all traversable allegations in the complaint, including the basic allegation of liability." *Curiale v. Ardra Ins. Co.*, 88 N.Y.2d 268, 279 (1996).

[3] The Court appreciates the invaluable assistance provided by court attorney Vincent Chang, Esq. in this matter.

**158852/2025 Zapco 1500 Investment vs. Ahmuty, Demers & McManus**
**Motion No. 001**

[* 6]