■ Ljubica Leone, Respondent, v Silver & Silver, LLP, et al., Appellants. [880 NYS2d 676]—

In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cullen, J.), entered September 25, 2008, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The gravamen of the plaintiff's complaint is that the defendants failed to protect her interest in connection with the fraudulent conveyance of certain real property. In order to prevail on this claim, the plaintiff must establish both that the defendants "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *see Davis v Klein,* 88 NY2d 1008, 1009-1010 [1996]) and that their breach of this duty proximately caused her actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442; *see Hearst v Hearst,* 50 AD3d 959, 963 [2008]; *Bauza v Livington,* 40 AD3d 791, 792-793 [2007]). To succeed on their motion for summary judgment, the defendants were required to establish, through the submission of evidentiary proof in admissible form, that the plaintiff is unable to prove at least one of the essential elements of the cause of action (*see Suydam v O'Neill,* 276 AD2d 549 [2000]; *Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]). The Supreme Court correctly concluded that the defendants failed to do so here. Contrary to the defendants' contention, the plaintiff's decision to settle an action to recover the property, rather than risk dismissal on the basis of the defense of laches allegedly caused by their conduct, does not preclude the plaintiff

from maintaining a subsequent action against them to recover damages for legal malpractice (*see N.A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, 732 [1978]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.,* 21 AD3d 1082, 1083 [2005]; *Rau v Borenkoff,* 262 AD2d 388, 389 [1999]; *Lattimore v Bergman,* 224 AD2d 497 [1996]). The Supreme Court, therefore, properly denied the defendants' motion for summary judgment dismissing the complaint. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.