(November 24, 2009)

■ Gloria Ali, Respondent, v Stephen David Fink, Appellant. [890 NYS2d 576]—

In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered August 11, 2008, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff retained the defendant attorney to represent her in an action to recover the balance due under several promissory notes (hereinafter the collection action). In April 2001 the defendant obtained a default judgment on the plaintiff's behalf against the debtor in the collection action. Several months later, the defendant commenced a second action on the plaintiff's behalf, seeking to set aside a transfer of real property which the debtor had allegedly made to impede the plaintiff's ability to recover under the promissory notes (hereinafter the fraudulent conveyance action). Although the defendant obtained a default judgment against the debtor and the transferee in the fraudu-

lent conveyance action, while that action was pending, title to the property was transferred twice more. The plaintiff subsequently commenced this legal malpractice action against the defendant, alleging, inter alia, that he had negligently failed to file a notice of pendency upon commencement of the fraudulent conveyance action, and that his failure to do so had allowed title to the subject property to be transferred to bona fide purchasers, thus effectively putting the property out of reach as a means of enforcing her judgment in the collection action. The defendant moved, among other things, for summary judgment dismissing the complaint, contending that the plaintiff could not establish that she would have been able to recover against the debtor in the collection action "but for" his alleged negligence because the promissory notes were invalid, and that she would not have prevailed in the fraudulent conveyance action on the merits because the transfer which was the subject of that action had not actually been fraudulent. The defendant also contended that the plaintiff had not sustained any injury because the debtor had other assets from which the judgment in the collection action could be satisfied, or, in the alternative, that his alleged malpractice was not a proximate cause of any injury which the plaintiff may have sustained. The Supreme Court denied the defendant's motion, and we affirm.

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *Leone v Silver & Silver, LLP,* 62 AD3d 962 [2009]; *Fireman's Fund Ins. Co. v Farrell,* 57 AD3d 721, 722 [2008]; *Velie v Ellis Law, P.C.,* 48 AD3d 674, 675 [2008]). To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442; *Fireman's Fund Ins. Co. v Farrell,* 57 AD3d at 722; *Carrasco v Pena & Kahn,* 48 AD3d 395, 396 [2008]). An attorney moving for summary judgment dismissing a legal malpractice claim has the burden of establishing, through the submission of proof in evidentiary form, that the plaintiff is unable to prove at least one of the essential elements of the cause of action (*see Leone v Silver & Silver, LLP,* 62 AD3d 962 [2009]; *Fireman's Fund Ins. Co. v Farrell,* 57 AD3d at 722; *Velie v Ellis Law, P.C.,* 48 AD3d at 675).

Contrary to the defendant's contention, the Supreme Court properly concluded that he failed to sustain his prima facie burden of demonstrating that the plaintiff would be unable to prove one of the essential elements of her malpractice cause of action. Although the defendant contends that the plaintiff cannot establish the element of causation because she could not have prevailed on the merits in the underlying collection and fraudulent conveyance actions, neither of the default judgments have been set aside. Under these circumstances, the Supreme Court correctly determined that the plaintiff need not prove that she would have prevailed on the merits in those actions in order to establish the element of causation. The defendant's evidentiary submissions were also insufficient to demonstrate, as a matter of law, that the plaintiff either sustained no injury, or that his alleged malpractice was not a proximate cause of any injury which she may have sustained (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.