In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), entered August 22, 2011, which granted the defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and denied its cross motion for leave to amend the complaint.
Ordered that the order is affirmed, with costs.
The Supreme Court should not have directed the dismissal of the causes of action based on legal malpractice and breach of contract pursuant to CPLR 3211 (a) (1). The documentary evidence submitted did not resolve all factual issues as a matter of law, and did not conclusively dispose of the claims asserted by the plaintiff (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]; AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 590-591 [2005]; McCue v County of Westchester, 18 AD3d 830, 831 [2005]).
However, the Supreme Court properly determined that the complaint failed to state a cause of action. Speculative contentions about what might have happened had the defendant attorney (hereinafter the defendant) taken a different approach in litigating a case on behalf of the plaintiff were not sufficient to support the plaintiff’s allegations of legal malpractice (see Humbert v Allen, 89 AD3d 804 [2011]; Dempster v Liotti, 86 AD3d 169, 180 [2011]; Wald v Berwitz, 62 AD3d 786 [2009]). Since the plaintiff failed to plead specific facts showing causation and damages, its claims of legal malpractice failed to state *799 a cause of action (see Kuzmin v Nevsky, 74 AD3d 896, 898 [2010]; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083 [2005]). Moreover, the claims alleging breach of contract also failed to state a cause of action. These claims are duplicative of the legal malpractice cause of action because they arise from the same facts as those underlying the legal malpractice cause of action, and do not allege distinct damages (see Soni v Pryor, 102 AD3d 856 [2013]; Ofman v Katz, 89 AD3d 909, 911 [2011]).
The plaintiffs remaining contentions in connection with the defendant’s motion are without merit.
Accordingly, the Supreme Court properly granted the defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).
The Supreme Court properly denied the plaintiffs cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint, since the proposed amendment was palpably insufficient and patently devoid of merit (see Scott v Fields, 85 AD3d 756, 759 [2011]).
Dillon, J.P, Balkin, Dickerson and Hinds-Radix, JJ., concur.