■ John Delollis et al., Respondents, v Margolin, Winer & Evens, LLP, Appellant. [995 NYS2d 103]—

In an action to recover damages for accounting malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated June 14, 2013, which denied its motion for partial summary judgment limiting the plaintiffs' damages.

Ordered that the order is affirmed, with costs.

The Empire State Carpenter's Annuity Fund and Empire State Pension Fund, of which the plaintiffs are trustees, invested in the Income Plus Investment Fund (hereinafter Income Plus), which, in turn, allegedly invested a portion of its assets with Bernard Madoff or Bernard L. Madoff Investment Securities, LLC. The defendant accounting firm allegedly audited the financial statements of Income Plus. The plaintiffs commenced this action to recover damages allegedly sustained as a result of the defendant's malpractice with respect to the audits. The defendant moved for partial summary judgment limiting the plaintiffs' damages. The Supreme Court denied the motion.

While damages may not be based solely on fictitious profits, the defendant failed to establish, as a matter of law, at this stage of the proceedings, that the plaintiffs' claimed damages

merely constituted fictitious profits or were speculative (*see Hecht v Andover Assoc. Mgt. Corp.*, 114 AD3d 638 [2014]). Accordingly, the Supreme Court properly denied the defendant's motion for partial summary judgment limiting the plaintiffs' damages (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.