■ THOMAS W. SMITH et al., Appellants, v KAPLAN BELSKY ROSS BARTELL, LLP, et al., Respondents. [6 NYS3d 100]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 23, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiffs were former executives of Odyssey Pictures Corporation (hereinafter Odyssey) and members of its Board of Directors. Upon their departure from Odyssey, the plaintiffs

were given an agreement pursuant to which Odyssey promised to indemnify them in future litigation arising out of their tenure with Odyssey. At some point thereafter, the plaintiffs were sued for actions arising during their tenure with Odyssey. The plaintiffs allegedly evaluated their likelihood of being indemnified by Odyssey and based their litigation strategy in that action upon their belief that they would be indemnified by Odyssey for their litigation costs. At the end of the litigation against them, the plaintiffs sought approximately $455,000 in indemnification from Odyssey, at which time the plaintiffs learned that Odyssey did not have the assets portrayed in the financial reports prepared by Odyssey's accountants, Want & Ender. In or about February 2004, the plaintiffs retained the defendants to prosecute an action against Want & Ender, and in or about April and June 2004, Want & Ender was served with a summons and notice. Want & Ender failed to answer or appear. However, the defendants did not move for a default judgment in the plaintiffs' favor and against Want & Ender within a year of that default and, instead, moved for that relief about three years later. The plaintiffs' action against Want & Ender was ultimately dismissed as abandoned.

The plaintiffs then commenced this action against the defendants, seeking, inter alia, to recover damages for legal malpractice. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Ali v Fink*, 67 AD3d 935, 936 [2009]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (see *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Ali v Fink*, 67 AD3d at 936). The defendants moving for summary judgment dismissing a legal malpractice claim against them have the burden of establishing, through the submission of proof in evidentiary form, that the plaintiff is unable to prove at least one of the essential elements of the cause of action (see *Ali v Fink*, 67 AD3d at 936; *Leone v Silver & Silver, LLP*, 62 AD3d 962 [2009]).

We reject the plaintiffs' contention that the Supreme Court erred in considering the defendants' motion for summary judgment on the merits. Although the defendants failed to annex their answer to their initial moving papers, the problem was rectified when an answer was annexed to the reply affirmation of their counsel (*see* CPLR 2001; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611 [2012]). The plaintiffs suffered no prejudice, since the Supreme Court considered the plaintiffs' surreply.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). While the defendants argue that the plaintiffs could not have recovered on their action against Want & Ender because the plaintiffs were not in privity or near privity with Want & Ender (*see Health Acquisition Corp. v Program Risk Mgt., Inc.*, 105 AD3d 1001, 1003 [2013]; *Barrett v Freifeld*, 64 AD3d 736, 738 [2009]), their submissions failed to eliminate all triable issues of fact with respect to this issue (*cf. Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 702 [1992]). In support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiffs, who testified as to when and how they relied on the improperly prepared financial reports, and explained why they believed that the accountants knew or should have known that the plaintiffs would be relying on the prepared financial reports. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice, that branch of the defendants' motion should have been denied, regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Delollis v Margolin, Winer & Evens, LLP*, 121 AD3d 830 [2014]).

The Supreme Court, however, properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging gross negligence, breach of contract, and fraud. Those causes of action arose from the same facts as those underlying the legal malpractice cause of action, and do not allege distinct damages. Therefore, those causes of action were duplicative of the legal malpractice cause of action (*see Biberaj v Acocella*, 120 AD3d 1285, 1287 [2014]; *Palmieri v Biggiani*, 108 AD3d 604, 608 [2013]; *Citidress II Corp. v Tokayer*, 105 AD3d 798, 799 [2013]). Rivera, J.P., Skelos, Roman and Miller, JJ., concur.