■ COMPREHENSIVE MENTAL ASSESSMENT & MEDICAL CARE, P.C., et al., Appellants, v GUSRAE KAPLAN NUSBAUM, PLLC, Respondent. [13 NYS3d 485]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), entered July 18, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were to dismiss the fourth and sixth causes of action, and substituting therefor a provision denying those branches of the defendant's motion; as so modified, the order is affirmed, with costs to the plaintiffs.

On October 21, 2011, the plaintiffs retained the defendant law firm Gusrae Kaplan Nusbaum, PLLC (hereinafter GKN), to represent them in an ongoing legal malpractice and fee dispute action, and to represent nonparty Nikolay Minkin, a liaison for the plaintiffs, in a related third-party indemnification action. GKN represented the plaintiffs and Minkin until April 24, 2012, when the Supreme Court disqualified GKN from continuing that representation due to a conflict of interest in representing both the plaintiffs and Minkin.

Thereafter, the plaintiffs commenced this action against GKN to recover damages for, among other things, legal malpractice, breach of contract, and unjust enrichment. GKN moved pursuant to CPLR 3211 (a) to dismiss the complaint, and the Supreme Court granted the motion.

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations,

conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). On a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 87-88).

Applying these principles here, the Supreme Court properly granted those branches of GKN's motion which were to dismiss the first, second, and third causes of action pursuant to CPLR 3211 (a) (1). The documentary evidence submitted by GKN in support of the motion refuted the allegations of legal malpractice set forth in the first, second, and third causes of action, and conclusively established a defense to those claims (*see Green v Gross & Levin, LLP*, 101 AD3d 1079, 1081 [2012]; *Jean-Baptiste v Law Firm of Kenneth B. Mock*, 98 AD3d 566 [2012]).

The Supreme Court erred in granting that branch of GKN's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the fourth cause of action. The fourth cause of action sought to recover damages for legal malpractice due to GKN's alleged misrepresentation that it had filed a motion to reargue on the plaintiffs' behalf. While the documentary evidence submitted by GKN in support of its motion established that such a motion was prepared, the motion itself indicates that it was not filed until after GKN ceased representing the plaintiffs.

The Supreme Court also erred in granting that branch of GKN's motion which was to dismiss the sixth cause of action, alleging unjust enrichment. "To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004] [internal quotation marks omitted]; *see Marini v Lombardo*, 79 AD3d 932, 934 [2010]; *Cruz v McAneney*, 31 AD3d 54, 59 [2006]). The complaint alleged that the plaintiffs paid GKN large sums of money, which purportedly represented legal fees associated with the work being performed on the plaintiffs' behalf. The complaint further alleged that, in light of the allegations of, among other things, legal malpractice, GKN had been unjustly enriched by those payments and GKN's retention of that money violated "fundamental princi-

pals of justice, equity, and good conscience." GKN did not address those allegations on its motion to dismiss, other than to claim lawful entitlement to the money as fees earned and billed. Accordingly, the Supreme Court erred in determining that the complaint failed to state a cause of action alleging unjust enrichment (*see* CPLR 3211 [a] [7]).

That branch of GKN's motion which was to dismiss the seventh cause of action, alleging breach of fiduciary duty, was properly granted, albeit on the ground that it was duplicative of the legal malpractice causes of action. The seventh cause of action is duplicative of the legal malpractice causes of action since it arises from the same facts as those underlying the legal malpractice causes of action and does not allege distinct damages (*see Smith v Kaplan Belsky Ross Bartell, LLP*, 126 AD3d 877, 879 [2015]; *Mackey Reed Elec., Inc. v Morrone & Assoc., P.C.*, 125 AD3d 822, 823 [2015]; *Biberaj v Acocella*, 120 AD3d 1285, 1287 [2014]).

The parties' remaining contentions are without merit. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.