(September 23, 2015)

 NICHOLAS ANTONELLI et al., Appellants, v STEVEN GUASTAMACCHIA et al., Defendants, and STEVEN DECKER, ESQ., et al., Respondents. (And a Third-Party Action.) [17 NYS3d 436]—

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated August 22, 2013, as granted that branch of the motion of the defendants Steven Decker, Esq., and Decker, Decker, Dito & Internicola, LLP, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *see Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d 767 [2014]). "To establish causation, a plaintiff must show that he or she would

have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Quantum Corporate Funding, Ltd. v Ellis*, 126 AD3d 866 [2015]; *Kutner v Catterson*, 56 AD3d 437 [2008]). To prevail on a summary judgment motion, a "defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Alizio v Feldman*, 82 AD3d 804, 804 [2011]; *see Smith v Kaplan Belsky Ross Bartell, LLP*, 126 AD3d 877 [2015]; *Affordable Community, Inc. v Simon*, 95 AD3d 1047 [2012]).

Here, the plaintiffs alleged that the defendants Steven Decker, Esq., and Decker, Decker, Dito & Internicola, LLP (hereinafter together the Decker defendants) represented them in a real estate venture in which the plaintiff Nicholas Antonelli loaned the defendant Steven Guastamacchia the sum of $600,000, and that the plaintiffs sustained damages when Guastamacchia failed to repay the loan. In support of their motion for summary judgment dismissing the complaint, the Decker defendants established, prima facie, that even if they " 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' " (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442, quoting *McCoy v Feinman*, 99 NY2d at 301-302), any such failure was not a proximate cause of the plaintiffs' alleged damages when Guastamacchia did not repay the loan. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]; *see also Unger v Paul Weiss Rifkind Wharton & Garrison*, 265 AD2d 156 [1999]).

The plaintiffs' causes of action against Decker alleging breach of fiduciary duty (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]), aiding and abetting breach of fiduciary duty (*see Kaufman v Cohen*, 307 AD2d 113, 125 [2003]), fraud (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]), and aiding and abetting fraud (*see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009]), arise from the same facts as those underlying the second cause of action against the Decker defendants, which alleged legal malpractice, and do not allege distinct damages. Accordingly, those branches of the motion which were for summary judgment dismissing those causes of action were properly granted, since those causes of action were

duplicative of the second cause of action asserted against the Decker defendants, which alleged legal malpractice (*see Smith v Kaplan Belsky Ross Bartell, LLP*, 126 AD3d 877 [2015]; *Biberaj v Acocella*, 120 AD3d 1285, 1287 [2014]; *Alizio v Feldman*, 82 AD3d at 805; *Kvetnaya v Tylo*, 49 AD3d 608, 609 [2008]; cf. *Johnson v Proskauer Rose LLP*, 129 AD3d 59, 69 [2015]).

The plaintiffs' remaining arguments are either not properly before this Court on appeal or without merit.

Accordingly, the Supreme Court properly granted that branch of the motion of the Decker defendants which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.