■ SV VERNON 43, LLC, Respondent, v KANWARJEET MALIK et al., Defendants, and YARIV KATZ, Appellant. [30 NYS3d 136]—

In an action, inter alia, to recover damages for fraud and conversion, the defendant Yariv Katz appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered March 10, 2015, as denied those branches of his motion which were pursuant to CPLR 3013 and 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 17, 2013, the plaintiff entered into a real estate transaction with someone purporting to be Madie B. McCarter, the record owner of certain real property known as 43 Vernon Avenue, in Brooklyn (hereinafter the property), pursuant to which a seller deeded the property to the plaintiff. The seller was represented by the defendant Yariv Katz.

Approximately one month later, Madie B. McCarter, a resident of North Carolina, commenced an action against the plaintiff, alleging that the September 17, 2013, deed was a forgery, and seeking a declaration that the deed was null and void. The plaintiff then commenced this action against Katz and others. The complaint interposed causes of action alleging conversion, money had and received, unjust enrichment, and aiding and abetting fraud against Katz.

Prior to serving an answer, Katz moved, inter alia, pursuant to CPLR 3013 and 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him. The Supreme Court denied those branches of his motion, and Katz appeals.

"A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (*Bodden v Kean*, 86 AD3d 524, 526 [2011]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, contrary to Katz's contention, the documentary evidence he submitted was insufficient to utterly refute either the existence of fraud, Katz's knowledge thereof, or his substantial assistance in the achievement of the alleged fraud. Accordingly, the Supreme Court did not err in denying that branch of Katz's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action to recover damages for aiding and abetting fraud (*see Ginsburg Dev. Cos., LLC v Carbone*, 85 AD3d 1110, 1111 [2011]).

On a motion pursuant to CPLR 3211 (a) (7) and 3013 to dismiss a complaint for failure to state a cause of action, "the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. The plaintiff's ultimate ability to prove those allegations is not relevant" (*Nouveau El. Indus., Inc. v Glendale Condominium Town & Tower Corp.*, 107 AD3d 965, 966 [2013] [citations and internal quotation marks omitted]). Applying the above standard, the Supreme Court properly determined that the complaint sufficiently pleads causes of action against Katz

to recover damages for conversion, money had and received, and unjust enrichment (*see Comprehensive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC*, 130 AD3d 670, 671-672 [2015]; *Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC*, 92 AD3d 711, 713 [2012]).

Katz's remaining contention is without merit. Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.