# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1239**
**CA 16-00690**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

PEGGY HALL, PLAINTIFF-RESPONDENT-APPELLANT,

V                                        MEMORANDUM AND ORDER

SCHRADER, ISRAELY, DELUCA & WATERS, LLP,
DEFENDANT-APPELLANT-RESPONDENT.

---

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, ALBANY (PETER A. LAURICELLA OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

TREVETT, CRISTO, SALZER & ANDOLINA, P.C., ROCHESTER (DAVID L. MURPHY OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 7, 2016. The order denied the motion of defendant for summary judgment and denied the cross motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action alleging that defendant did not properly advise her during settlement negotiations of an action it commenced on her behalf. Plaintiff retained defendant to pursue benefits under the Employee Retirement Income Security Act of 1974 ([ERISA] 29 USC § 1001 *et seq.*) for her, and defendant's efforts resulted in a $60,000 settlement offer soon after the action was commenced. Plaintiff agreed to the amount of the settlement but wanted defendant to negotiate further in an attempt to secure terms that would allow plaintiff to pursue other benefits under a related ERISA benefit plan. After 18 months of negotiations, opposing counsel withdrew the settlement offer and successfully moved to dismiss the action. Following the commencement of this action and completion of discovery, defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment. Supreme Court properly denied the motion and cross motion.

Addressing first plaintiff's cross appeal, we note that, in an action to recover damages for legal malpractice, a plaintiff must demonstrate that the "attorney failed to exercise 'the ordinary reasonable skill and knowledge' commonly possessed by a member of the legal profession" (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 313), and that "the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs,*

*Stanisci, Corker & Sauer*, 8 NY3d 438, 442; *see Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP v Wilson*, 136 AD3d 1326, 1327, *lv dismissed* 28 NY3d 942). We conclude that plaintiff's cross motion was properly denied, inasmuch as she failed to establish that defendant's alleged malpractice proximately caused her damages. In support of her cross motion, plaintiff submitted no evidence that she would have accepted the $60,000 offer if she had been properly advised, i.e., she failed to establish that, but for defendant's deviation from the standard of care, she would not have been harmed (*see Miazga v Assaf*, 136 AD3d 1131, 1134-1135, *lv dismissed* 27 NY3d 1078; *Kluczka v Lecci*, 63 AD3d 796, 797-798).

We conclude with respect to defendant's appeal that its motion also was properly denied. To establish its compliance with an attorney's duty to keep his or her client reasonably informed, and to provide enough information to allow plaintiff to reasonably participate in settlement negotiations, defendant cited only to a single letter that was sent to plaintiff as a cover sheet with the original settlement offer in the underlying litigation. The letter stated that settlement "could be a quick way to resolve this case, without the need for spending a lot of money on a claim that the Plan may prevail on (despite our best efforts)." Even assuming, arguendo, that a reasonable factfinder could ultimately conclude that the letter satisfied defendant's duty to "exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 845, *lv denied* 20 NY3d 857; *see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562, *lv denied* 100 NY2d 511), plaintiff raised a triable issue of fact by submitting an expert affirmation asserting, inter alia, that defendant failed to provide plaintiff with adequate advice (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Defendant also failed to establish as a matter of law that its conduct did not proximately cause plaintiff's damages, inasmuch as it did not affirmatively eliminate every material issue of fact with respect to whether plaintiff would have accepted the settlement offer but for its deficient conduct (*see generally Dempster v Liotti*, 86 AD3d 169, 180-181).

Lastly, we reject defendant's contention that it was entitled to summary judgment on the ground that plaintiff's damages were not reasonably ascertainable. Plaintiff's damages in this case were the $60,000 settlement offer that she lost, less the attorney's fees and costs she incurred in pursuing the settlement. Thus, plaintiff's damages were indeed ascertainable (*see generally Plymouth Org., Inc. v Silverman, Collura & Chernis, P.C.*, 21 AD3d 464, 465).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court