Amid v Del Col (2024 NY Slip Op 00178)

Amid v Del Col

2024 NY Slip Op 00178

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2019-14017
 (Index No. 10357/15)

[*1]Farah Amid, respondent,
v
Robert Del Col, et al., appellants.

Robert Del Col, Bay Shore, NY, appellant pro se and for appellant Joseph Gulino.
Alexander Potruch, LLC, Garden City, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and conversion, the defendants appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated September 23, 2019. The order denied the defendants' motion for summary judgment dismissing the second amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the third through sixth causes of action in the second amended complaint, and substituting therefor a provision granting those branches of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.
In September 2012, the plaintiff entered into a retainer agreement with the defendant Robert Del Col and his law firm to represent the plaintiff in a series of legal actions she had commenced, including a federal court case and two state court cases. At some point after the retainer agreement was executed, Del Col allegedly "promised" to represent the plaintiff in an action entitled Airmix Long Island, Inc. v Amid. Thereafter, the plaintiff commenced this action, inter alia, to recover damages for legal malpractice, alleging that the defendants performed little or no work on her cases, withdrew several claims without her permission, and failed to return any unearned portion of the retainer fee. The defendants moved for summary judgment dismissing the second amended complaint. In an order dated September 23, 2019, the Supreme Court denied the motion. The defendants appeal.
"To state a valid cause of action alleging legal malpractice, the plaintiff must plead sufficient facts to show that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (York v Frank, 209 AD3d 804, 807 [internal quotation marks omitted]; see Singh v Pliskin, Rubano, Baum & Vitulli, 200 AD3d 927, 928-929). "To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP, 118 AD3d 968, 970; see Rabasco v Buckheith & Whelan, P.C., 206 AD3d 770, 771). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Bakcheva v Law Offs. of Stein & Assoc., 169 [*2]AD3d 624, 625).
The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the first cause of action, alleging legal malpractice. With respect to the state court cases, the defendants failed to submit evidence establishing, prima facie, the absence of at least one essential element of the legal malpractice cause of action (see Aqua-Trol Corp. v Wilentz, Goldamn & Spitzer, P.A., 197 AD3d 544, 545; Fricano v Law Offs. of Tisha Adams, 194 AD3d 1016, 1018).
With respect to the federal court case, the defendants established, prima facie, that the plaintiff would not have prevailed on her 42 USC § 1983 claim regardless of whether the defendants consented to the discontinuance of that claim. However, in opposition, the plaintiff raised a triable issue of fact (see Hall v Schrader, Israely, DeLuca & Waters, LLP, 147 AD3d 1421, 1422). And, with respect to the Airmax case, the defendants failed to demonstrate, prima facie, that there was no attorney-client relationship between them and the plaintiff (see Edelman v Berman, 195 AD3d 995, 997).
The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, alleging conversion of a portion of the retainer fee. "To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970 [internal quotation marks omitted]; see Vigilant Ins. Co. of Am. v Housing Auth. of the City of El Paso, Tex., 87 NY2d 36, 44; C & B Enters. USA, LLC v Koegel, 136 AD3d 957, 958). A claim of conversion of money is proper "when funds designated for a particular purpose are used for an unauthorized purpose" (East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1256 [internal quotation marks omitted]). Here, the defendants failed to establish, prima facie, that all fees taken by them were in accordance with the retainer agreement.
However, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the third cause of action, alleging breach of fiduciary duty, the fourth cause of action, alleging breach of contract, the fifth cause of action, alleging fraud, and the sixth cause action, alleging aiding and abetting fraud, since those causes of action arise from the same facts as the cause of action alleging legal malpractice and are duplicative of that cause of action (see Balan v Rooney, 152 AD3d 733, 734; Antonelli v Guastamacchia, 131 AD3d 1078, 1079-1080; Daniels v Turco, 84 AD3d 858, 859; Conklin v Owen, 72 AD3d 1006, 1007).
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court